# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CARLOS ZATARAIN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | **CV-11-BE-3508-M** |
| **RICKEY BROWN and SHEILA** ] | |
| **BROWN, individually d/b/a TRUCK** ] | |
| **FARM SALVAGE and d/b/a RICKEY** ] | |
| **BROWN MECHANIC SHOP and** ] | |
| **BROWN AUTO SALES, and DANA** ] | |
| **DAVIS,** ] | |
| ] | |
| **Defendant**s ] | |
| ] | |

## MEMORANDUM OPINION and ORDER

This matter comes before the court on the Plaintiff's "Motions for Sanctions against Rickey Brown and Sheila Brown" (doc. 38) and the subsequently filed "Motion to Enter Sanctions against Rickey Brown and Sheila Brown"  (doc. 43), asking the court to impose sanctions requested in the first motion.  The court GRANTS the motions in part and DENIES them in part for the reasons stated in this Memorandum Opinion.

This court has the inherent power to impose sanctions and assess attorney's fees against litigants, counsel, and law firms who willfully disobey court orders. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991) (explaining that a court has the power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the opposing party's willful disobedience of a court order).  "[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable

1

and appropriate sanctions upon errant lawyers practicing before it.'" *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1447 (11th Cir. 1985).

In the instant case, the Plaintiff requests the court to impose sanctions against Rickey Brown and Sheila Brown, who are now proceeding *pro se*. In the first motion for sanctions, the Plaintiff requested sanctions as a result of the following conduct by the Browns: (1) the failure of the Browns to confer with the Plaintiff to prepare and file a JOINT status report by March 20, 2013 as required by the court's Order dated March 4, 2013 (doc. 23) despite the Plaintiff's efforts to contact them to prepare a joint report; (2) the failure of the Browns to appear at the March 27, 2013 status conference as required by the same order, although the Plaintiff's counsel appeared for the conference; (3) the failure of the Browns to confer with the Plaintiff to prepare and file a JOINT status report by June 26, 2013, as required by the court's Order dated June 20, 2013 (doc. 25), although the Plaintiff's counsel attempted contact without success and although Sheila Brown eventually prepared a separate report; (4) the failure of the Browns to confer with the Plaintiff to prepare and file a JOINT status report by September 11, 2013 as required by the court's Revised Scheduling Order dated August 8, 2013 (doc. 33), and despite the Plaintiff's contacting them to prepare the joint report; (5) the failure of the Browns to appear at the status conference on September 18, 2013 as required by the same Revised Scheduling Order, although the Plaintiff's counsel appeared at the conference; (6) the failure of the Browns to supplement discovery; and (7) the failure of the Browns to provide dates they would be available for depositions.

In response to the motion for sanctions, the court entered an Order to Show Cause, requiring the Browns to show cause in writing "why the court should not grant the motion for

sanctions and impose sanctions, including but not limited to requiring Rickey Brown and Sheila Brown to pay to the Plaintiff his attorney's fees and expenses associated with attendance at the status conferences on March 27, 2013 and September 18, 2013.  After the Browns did not respond to the court's Order to Show Cause within the time provided, the Plaintiff filed the second motion for sanctions, noting the Brown's ignoring of the court's Show Cause Order.  The Plaintiff requested that the court sanction the Browns by entering a default judgment against them and by awarding attorney fees to the Plaintiff for his counsel's attendance of the March 27, 2013 and September 18, 2013 status conferences.

      Having listed the repeated failures on the part of the Browns to comply with court orders and to fully participate in discovery, the court FINDS, in its discretion, that the motions for sanctions are both due to be GRANTED to this extent: the court IMPOSES SANCTIONS against the Brown and REQUIRES them to pay the reasonable attorney fees and costs that the Plaintiff incurred as a result of his attorney(s) attending the status conferences on March 27, 2013 and September 18, 2013, at which conferences the Browns failed to appear in disregard of court Orders.  To the extent that the Plaintiff requested additional sanctions, the court DENIES the motions.  The court grants the Plaintiff leave to file on or before **November 19, 2013** evidence reflecting the reasonable attorney fees (with time and rates charged) and costs incurred for his counsel's attendance at those status conferences.

      DONE and ORDERED this 5th day of November, 2013.

                                                      _____
                                                      KARON OWEN BOWDRE
                                                      UNITED STATES DISTRICT JUDGE