FILED
2014 May-29  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE  DIVISION

| | |
|---|---|
| **CARLOS ZATARAIN,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ] |
| | ]   **CV-11-BE-3508-M** |
| **RICKEY BROWN and SHEILA** | ] |
| **BROWN, individually d/b/a TRUCK** | ] |
| **FARM SALVAGE and d/b/a RICKEY** | ] |
| **BROWN MECHANIC SHOP and** | ] |
| **BROWN AUTO SALES, and DANA** | ] |
| **DAVIS,** | ] |
| | ] |
| **Defendant**s | ] |
| | ] |

## MEMORANDUM OPINION

This matter is before the court on "Plaintiff's Motion for Partial Summary Judgment,"
requesting that the court enter partial summary judgment in favor of the Plaintiff and against all
Defendants as to the first six Counts of the Complaint.   (Doc. 42).   The Defendants did not
respond to the motion.  For the reasons stated in this Memorandum Opinion, the court FINDS
that the motion is due to be GRANTED IN PART and DENIED IN PART.  More specifically,
the court finds that Count Four is due to be DISMISSED as duplicative and that the motion as to
the remaining claims is due to be:   GRANTED as to the claim for negligence in Count One;
GRANTED as to the claim for wantonness in Count One; GRANTED as to the conversion claim
in Count Two; DENIED as to the claim in Count Three for recovery of chattel in specie;
DENIED as to the unjust enrichment claim in Count Five; and GRANTED as to the claim in
Count Six requesting a declaratory judgment.

1

## I.  PROCEDURAL BACKGROUND

The "Brown Defendants"—Rickey Brown and Sheila Brown, individually, and the businesses that they run:  Truck Farm Salvage; Rickey Brown Mechanic Shop; Brown Truck Farm Salvage Yard, LLC; Rickey Brown d/b/a Truck Farm Sales and Truck Farm Salvage, LLC; and Rickey Brown d/b/a Truck Farm Sales and Salvage—initially were represented by counsel. However, the court granted the Defendants' counsel's motion to withdraw on February 12, 2013, and they now proceed *pro se*.  (Doc. 21).  The court also granted Plaintiffs' motion to dismiss Dana Davis (doc. 27), and dismissed her as a party Defendant (doc. 32), so only the Brown Defendants remain.

Because the *pro se* Brown Defendants failed to comply with court orders and to participate fully in discovery as ordered, the court imposed sanctions upon them, requiring them to pay reasonable attorney fees and costs that the Plaintiff incurred as a result of his attorney attending status conferences at which the Brown Defendants failed to appear.  (*See* doc. 45).

As noted above, the Brown Defendants have also failed to respond to the motion for summary judgment, although the court gave them "'express, ten-day notice of the summary judgment rules, of their right to file affidavits or other materials in opposition of the motion'" and warned them that the failure to do so could result in judgment being entered against them. (Doc. 44, quoting *McBride v. Sharpe,* 981 F.2d 1234, 1236 (11th Cir. 1993) and  attaching as Exhibit A "Notice and Explanation" of Fed. R. Civ. P. 56; and as Exhibit B the court's Summary Judgment Requirements).  The attached Summary Judgment Requirements specifically provide: *"All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party*

2

*opposing summary judgment.*"  (Doc. 44-2, at 3).

## II.  FACTS

Because the Brown Defendants did not respond to the Plaintiff's motion for summary

judgment, the court finds that the facts set forth in the Plaintiff's statement of facts are deemed to

be admitted for summary judgment purposes.  Although the Plaintiff also lists conclusions of law

as "facts" (i.e. that the Brown Defendants converted the Plaintiff's truck, acted negligently and

wantonly, defrauded the Plaintiff, defamed the Truck's title), the court finds that the legal

conclusions are not facts; therefore, the court includes below the undisputed facts but not the

legal conclusions.

The Plaintiff, Carlos Zatarain, is a resident citizen of Texas.  At some point, Zatarain

traveled to Alabama in his truck, which he owned at the time of his trip and continues to own

today, and which has a VIN of 1FUJA6CG24LK24395.  The certificate of title issued for his

truck showed Zatarain's accurate name and address as owner of the truck, and the truck was

equipped with an Ohio tag.   Zatarain lost possession of his truck and filed a police report with

the Sheriff of DeKalb County, Alabama.

Rickey and Sheila Brown, who live in Alabama and do business in Troy, Alabama,

gained possession of Zatarain's truck, but the statement of facts does not reflect how they

obtained it.  Somehow, they placed the title to the vehicle in the name of Truck Farm Salvage

LLC, which is not an existing entity.  (Doc. 42, at 6, ¶ 15).  The Browns do business in the State

of Alabama under the following names: Truck Farm Salvage and Truck Farm Sales and Salvage.

They also control Brown Truck Farm Salvage Yard, LLC d/b/a Truck Farm Salvage, LLC, a

limited liability company with Sheila Brown of 12655 County Road 7 in Troy, Alabama listed as

its registered agent.  The Brown Defendants formed the LLC after they gained possession of

Zatarain's truck.  The Brown Defendants had access to records that reflected Zatarain's

ownership of the vehicle, and had knowledge of Zatarain's whereabouts, but they failed to

contact him and did not even  attempt to contact him, except through publishing notices in a local

newspaper, as discussed below.

Instead, they treated the vehicle as an abandoned vehicle, and proceeded to sell it.  The

Brown Defendants may have published a notice of sale of Zatarain's truck on April 28, 2010 and

May 5, 2010 in a local newspaper.  Also in May of 2010, they sold the truck to their daughter,

Dana Davis.  The Brown Defendants' records reflect two different dates of the sale: May 4, 2010

and May 14, 2010.

However, Zatarain's truck remains in the Brown Defendants' possession and under their

control.  Although the Brown Defendants claim to have made repairs to the truck for which they

received no payment,  neither Zatarain nor his agents authorized those repairs.

### III.  LEGAL  STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  Summary

judgment allows a trial court to decide cases when no genuine issues of material fact are present

and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a

district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

4

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*  Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)   Substantive law determines which facts are material and which are irrelevant.  *Id*. at 248.  In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  "The non-moving party need not present

evidence in a form admissible at trial; however, he may not merely rest on his pleadings."
*Graham v. State Farm Mut. Ins.* Co., 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Celotex,* 477
U.S. at 324).  If he does, or if the evidence is "merely colorable, or is not significantly probative,
summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

      In reviewing the evidence submitted, the court must "view the evidence presented
through the prism of the substantive evidentiary burden," to determine whether the nonmoving
party presented sufficient evidence on which a jury could reasonably find for the nonmoving
party.  *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir.
1988).  The court must refrain from weighing the evidence and making credibility
determinations, because these decisions fall to the province of the jury.  *See Anderson*, 477 U.S.
at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v.
State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  Furthermore, all evidence and
inferences drawn from the underlying facts must be viewed in the light most favorable to the
non-moving party.  *Graham*, 193 F.3d at 1282.  The non-moving party "need not be given the
benefit of every inference but only of every reasonable inference."  *Id.*  The evidence of the non-
moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor."
*Anderson*, 477 U.S. at 255.  After both parties have addressed the motion for summary judgment,
the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party
is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

      Even if a district court "'believes that the evidence presented by one side is of doubtful
veracity, it is not proper to grant summary judgment on the basis of credibility choices.'"
*Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (quoting *Miller v.*

6

*Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006)).  The court should not disregard self-serving statements made in sworn testimony simply because they are self-serving at the summary judgment stage, and if the self-serving statements create a genuine issue of material fact, the court should deny summary judgment on that basis. *Id.* at 1253.

## IV.  DISCUSSION

Because this motion only purports to cover the claims in the first six counts, the court will address only those Counts: Count One (*Negligence and/or Wantonness regarding (a) not properly investigating as to the owner or lien holders of the Truck); (b) the advertising and sale of the Truck; (c) the violation of the Alabama Code as to notice to owners and lien holders of abandoned vehicles;* and *(d) the violation of the Alabama Code as to timing of publication and subsequent sale);* Count Two (*Deprivation of Owner of Possession brought pursuant to Ala. Code § 6-5-260);* Count Three (*Recovery of Chattel in Specie;* Count Four (*Conversion);* Count Five (*Unjust Enrichment);* and Count Six (*Declaratory Judgment).* Zatarain does not move for summary judgment on Counts 7-15.[1]

## A. Negligence and Wantonness

Zatarain argues that the Brown Defendants were negligent and wanton in violating notice

---

[1]     Zatarain does not explain the reason why the motion does not encompass Counts Seven (*Res Ipsa Loquitur);* Eight (*Negligent and/or Wanton Supervision);* Nine (*Fraud, Misrepresentation and Deceit);* Nine (*Money and/or Property Illegally Received);* Eleven (*Forgery);* Twelve (*Civil Conspiracy*); Thirteen (*Negligence/Wantonness regarding issuance of the title to Truck Farm Salvage, LLC before complying with Alabama law);* Fourteen (*Title Defamation);* Fifteen (*Negligence/Wantonness regarding undertaking to repair Zatarain's vehicle and repairing it*).  Accordingly, the court does not know whether Zatarain has abandoned those claims or whether he is simply acknowledging that genuine issues of material fact remain as to those claims.  Given this lack of information, the court will not dismiss Counts Seven through Fifteen at this time.

7

requirements of the Alabama Code regarding the sale of abandoned vehicles.  Preliminarily, the

court notes that although Zatarain refers in Count One to violations of  § § 32-13-14 and 32-15-4,

those code sections cannot form the basis of a successful motion.  Section 32-13-14 does not

exist; the last section in the chapter is § 32-13-8.  The other section referenced, § 32-15-4, is a

criminal statute entitled "Unlawful custody; penalties" that contains no notice provisions.  The

text of the Amended Complaint, motion, and brief refer to notice requirements for selling

abandoned vehicles, and the court is confident that the faulty codes sections listed in this claim

are simply typographical errors meant to refer to § 32-13-4.  Accordingly, the court will proceed

to evaluate Count One as asserting a violation of that section.  The court also notes that, in

addition to failing to cite the correct code section, Zatarain fails to provide any case law to

support his argument of negligence and wantonness in violating the notice provisions for selling

an abandoned vehicle.  Because Zatarain is represented by counsel, the court would expect more

assistance and better advocacy.  And, as the Brown Defendants did not respond to the motion for

summary judgment at all, this federal court has had to delve into this matter of Alabama law on

its own.

 The Supreme Court of Alabama has set out the four elements of "statutory negligence":

> (1) that the statute was enacted to protect a class of persons that includes the
> litigant seeking to assert the statute; (2) that the injury was of the type
> contemplated by the statute; (3) that the party charged with negligent conduct
> violated the statute; and (4) that the statutory violation proximately caused the
> injury.

*Sparks v. Ala. Power Co.,* 679 So. 2d 678, 685 n. 2 (Ala. 1996) (citing *Fox v. Bartholf,* 274 So.

2d 294, 295-96 (Ala. 1979)).  The court will apply those elements to the allegations of statutory

negligence here.

8

Section 32-13-4 provides that an "automobile dealer, wrecker service, or repair service owner, or any [entity] on whose property a motor vehicle is lawfully towed or the owner or lessee of real property ... upon which an abandoned motor vehicle ... has become abandoned, shall give written notice to the current owners ... for the motor vehicle at least 30 days prior to the date of the sale of the motor vehicle ...." Ala. Code § 32-13-4 (1975).   In addition, that statute specifically states three categories of persons that are protected by the statute: owners, secured parties, and known lienholders.  It also specifies how those protected persons must be notified:

> The notice required by this section shall be deemed to be given when sent by
> certified mail, postage prepaid, to the address of the current owners ... for the
> motor vehicle, shown on any public filing evidencing such ownership; or if none,
> to any such address ascertained by reasonable effort.  The person ... giving notice
> under this section shall obtain from the department in writing, a statement ...
> listing the name and address of the current owners.

Ala. Code § 32-13-4(a)(5)(1975).  The statute also provides for written notice through publication as set forth in § 32-13-3(b) "[i]f the names and addresses, or both, of the current cowners ... for the motor vehicle are unknown or cannot be reasonably ascertained."  Ala. Code § 32-13-4(b).

The undisputed facts in the instant case reflect that Zatarain is the owner of the Truck in question, and, thus, falls within the categories of people protected.  The undisputed evidence further reflects that although the Brown Defendants had notice of Zatarain's ownership and knew how to contact him, they did not attempt to contact him by notice other than publication.  Thus, the court finds that the Brown Defendants should have notified him by certified mail and the failure to do so violated the notice provisions of this statute.

Alternatively, to the extent that publication in a local Alabama newspaper represents

"written notice" compliant with § 32-13-4, the undisputed evidence also reflects the earliest

publication occurred on April 28, 2010 and the latest date of sale provided was May 14, 2010,

which was *not* "at least 30 days prior to the date of the sale of the motor vehicle." Thus, the

undisputed evidence shows that the Brown Defendants violated the notice provisions of § 32-13-

4.

      Because the injury to Zatarain—the sale of his car without an appropriate opportunity to

contest the right to sell—is the type of injury contemplated by the statute and the violation of the

notice provisions of the statute was the proximate cause of the injury, the court FINDS that

Zatarain has proven all elements of statutory negligence as to violating the notice provisions of §

32-13-4.

      As to the wantonness claim, the Supreme Court of Alabama has explained how this

misconduct differs from negligence:

> Wantonness is not merely a higher degree of culpability than negligence.
> Negligence and wantonness, plainly and simply, are qualitatively different tort
> concepts of actionable culpability. Implicit in wanton, willful, or reckless
> misconduct is an acting, with knowledge of danger, or with consciousness, that
> the doing or not doing of some act will likely result in injury. . . .
>
> Negligence is usually characterized as an inattention, thoughtlessness, or
> heedlessness, a lack of due care; whereas wantonness is characterized as an act
> which cannot exist without purpose or design, a conscious or intentional act.

*Ex parte Anderson,* 682 So. 2d 467, 470 (Ala. 1996) (internal quotations omitted).

      Based on the undisputed facts, the court FINDS that the evidence reflects that Defendants

acted with knowledge and consciousness that they had not given appropriate notice to the truck's

owner at the time they sold the truck to their daughter and that the sale would likely result in

injury to the truck's owner. Accordingly, the court further FINDS that Zatarain has proven the

elements of his wantonness claim and is entitled to summary judgment on that claim as well.

Therefore, the court will GRANT Zatarain's motion for summary judgment as to the negligence

and wantonness claims.

## B.  Counts Two & Four- Deprivation of Owner of Possession/Conversion

In his brief, when discussing Count Two, Zatarain refers to Alabama Code § 6-5-260,

which provides as follows:

> The owner of personalty is entitled to possession thereof.  Any unlawful
> deprivation of or interference with such possession is a tort for which an action
> lies.

Ala. Code § 6-5-260 (1975).  Cases cited in the notes of the statute are civil conversion cases.

*See, e.g., Bernie Hughes Lincoln Mercury v. Merritt,* 523 So. 2d 441, 443 (Ala. Civ. App. 1988)

(quoting § 6-5-260 and discussing civil conversion).  Thus, the court finds that Count Four is

duplicative of Count Two; it will DISMISS Count Four and proceed to address Count Two.

The Alabama Supreme Court has explained the tort of conversion as follows:  "To

constitute conversion, there must be a wrongful taking or a wrongful detention, or an illegal

assumption of ownership, or an illegal user or misuser."  *Webb v. Dickson,* 165 So. 2d 103, 105

(Ala. 1964), cited with approval in *Raley v. Citibanc of Ala./Andalusia,* 474 So. 2d 640, 641 (Ala

1985) and *Bell Aerospace Servs., Inc. v. U.S. Aero Servs., Inc.* 690 F. Supp. 2d 1267, 1277

(M.D. Ala. 2010); *see also  Vandenberg v. Aramark Educ. Servs., Inc.,* 81 So. 3d 326, 343 (Ala.

2011) (same).

The court FINDS that that the undisputed facts prove that the Brown Defendants have

wrongfully detained Zatarain's truck and illegally assumed ownership of it when they had notice

that Zatarain was its owner. Further, they did not return it even after Zatarain filed suit.  The

motion for summary judgment is due to be GRANTED as to the claim of civil conversion in

Count Two.

**C.  Count Three - Recovery of Chattel in Specie**

In his discussion of the claims in this Count, Zatarain refers to no statute and cites no case

law.  However, the language in the Count's title appears to refer to language in Alabama Code §

6-6-250, which provides as follows:

> **Sheriff required to take property - Bond requirements for plaintiff, defendant**
> (a) When an action is commenced for the *recovery of personal chattels in specie*, if the plaintiff, his agent, or attorney makes affidavit that the property sued for belongs to the plaintiff and executes a bond in such sum and with such surety as may be approved by the clerk, with condition that if the plaintiff fails in the action, he will pay the defendant all such costs and damages as he may sustain by the wrongful complaint, it is the duty of the clerk to endorse on the summons that the sheriff is required to take the property mentioned in the complaint into his possession unless the defendant gives bond payable to the plaintiff, with sufficient surety, in double the value of the property, with condition that if the defendant fails in the action he will, within 30 days thereafter, deliver the property to the plaintiff and pay all costs and damages which may accrue from the detention itself.

Ala. Code § 6-6-250 (1975) (emphasis supplied).  The Record and undisputed facts do not reveal

a bond and affidavit, as this section requires.  Accordingly, the court FINDS that Zatarain has not

proven his entitlement to summary judgment on a claim brought pursuant to § 6-6-250.  To the

extent that the claim is brought pursuant to another statute or seeks to assert some other tort, the

court FINDS that Zatarain has failed to meet his burden of proof.  The motion for summary

judgment is due to be DENIED as to this claim.

12

**D.  Count Five - Unjust Enrichment**

Zatarain fails to cite any case law to delineate the elements of unjust enrichment under Alabama law; however, as he cited no case law to support his other claims, the court can no longer pretend surprise.  Once again, this federal court is left to its own devices to determine the elements of this Alabama state law claim, as discussed below.

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation."  *Matador Holdings, Inc. v. HoPo Realty Inv., LLC,* 77 So. 3d 139, 145 (Ala. 2011) (quoting *Am. Family Care, Inc. v. Fox,* 642 So. 2d 486, 488 (Ala. Civ. App. 1994)).  The Supreme Court also explained: "'Retention of a benefit is unjust if (1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.  In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been *unjustly* enriched.'" *Id.* at 146 (quoting *Jordan v. Mitchell,* 705 So. 2d 453, 458 (Ala. Civ. App. 1997) (emphasis in original)).

In the instant case, no evidence exists of mistake on the part of the "donor" of Zatarain's truck.  Unlike many of the unjust enrichment cases, the donor who dealt directly with the Brown Defendants is not Zatarain, the Plaintiff, but a third party who apparently wrongfully took Zatarain's truck and then took it to the Brown Defendants. On the other hand, evidence does exist of misconduct on the part of the Brown Defendants, who eventually received the truck; as noted previously, undisputed evidence reflects that the Brown Defendants had notice that the

13

truck in question belonged to Zatarain and yet they sold the truck without following the statutory requirements for notice to Zatarain.  So, while evidence does exist that they committed misconduct in the sale of his vehicle, that evidence does not necessarily prove that the misconduct involved fraud, coercion, or abuse of any confidential relationship, or indeed, any misconduct "such as" those listed.  The court FINDS that the motion for summary judgment is due to be DENIED as to the unjust enrichment claim in Count Five.

## E.  Count Six - Declaratory Judgment

In this Count, Zatarain asks for an order declaring "that he is the true and lawful owner of the truck in question, that he has been such owner since the dates on which he purchased it, [ ] that he is entitled to its immediate possession[,]" that the Brown Defendants do not have a legal claim to his truck, and that any transfers of ownership or possession of the truck by "anyone other than plaintiff was void *ab initio."*  (Doc. 34, at 10-11).  Further, he asks for an Order that Defendants produce the truck immediately to him.

Based on the undisputed facts, the court FINDS that the request is due to be GRANTED, and it will DECLARE: that the Plaintiff, Carlos Zatarain, is the true and lawful owner of the truck made the basis of this lawsuit with a VIN of 1FUJA6CG24LK24395 subject to any outstanding liens by entities *other than* Defendants; that Carlos Zatarain is entitled to immediate possession of that truck; that the Brown Defendants and the entities under which they do business—Rickey Brown; Sheila Brown; Truck Farm Salvage; Rickey Brown Mechanic Shop; Brown Truck Farm Salvage Yard, LLC; Truck Farm Sales; Truck Farm Salvage, LLC; and Truck Farms Sales and Salvage—do not have a valid legal or equitable claim to that truck; and that any transfers of ownership of that truck made to or by the Brown Defendants and/or the entities under

which they do business were void *ab initio*.  In light of those findings and declarations, based on

the undisputed evidence, the court will ORDER Defendants to produce the truck immediately to

Zatarain.

## V.  CONCLUSION

For the reasons stated above, the court FINDS that Count Four is due to be DISMISSED

as duplicative of Count Two and that the motion for summary judgment as to the remaining

claims is due to be:   GRANTED as to the claims for negligence in Count One; GRANTED as to

the claims for wantonness in Count One; GRANTED as to the civil conversion claims in Count

Two; DENIED as to the claim in Count Three for recovery of chattel in specie; DENIED as to

the unjust enrichment claim in Count Five; and GRANTED as to the claim requesting a

declaratory judgment.

The court will enter a consistent Order simultaneously with the entry of this

Memorandum Opinion.

Dated this 29th day of May, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

15